# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# STATESVILLE DIVISION
# CIVIL ACTION NO. 5:07-CV-11-RLV-DCK

| | |
|---|---|
| PETER HUSTED and JUANA HUSTED, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| KENNETH BEALER HOMES, INC., ) | |
| ) | |
| Defendant. ) | |

**THIS MATTER IS BEFORE THE COURT** on Defendant's "Motions To Compel Arbitration, Motions To Stay And Motions to Dismiss" (Document No. 7) and "Defendant's Brief in Support..." (Document No. 8) filed February 20, 2006; and "Plaintiffs' Response to Defendants Motions To Compel Arbitration, To Stay And To Dismiss." (Document No. 11) filed March 16, 2007. This matter has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. §636(b) and is now ripe for review.

Having carefully considered the arguments, the record, and the applicable authority, the undersigned will <u>grant</u> Defendant's motion. It appears to the undersigned that there is no significant disagreement between the parties that a stay and arbitration are the proper course. Defendant moves this Court for an Order "compelling arbitration and staying any further judicial proceedings in this matter." (Document No. 7 at 1). Plaintiffs' response in pertinent part states: "Accordingly, so long as the Court will refrain from making any substantive determination of the parties' respective legal and equitable rights in this case, which matters should be left to the arbitrator(s), the Husteds hereby consent to the referral of this case to arbitration." (Document No. 11 at 7).

Furthermore, when determining the enforceability of an arbitration provision, the United

States Supreme Court has endorsed a "[h]ealthy regard for the federal policy favoring arbitration." Long v. Silver, 248 F.3d 309, 316 (4th Cir. 2001) (citing Moses H. Cone Mem. Hosp. v. Mercury Constr. Co., 460 U.S. 1, 24-25, (1983)). "Although claims must be within the scope of an arbitration clause to be referable to arbitration, the United States Supreme Court has announced... 'any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration.' Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc., 473 U.S. 614, 626 (1985) (quoting Moses H. Cone Mem. Hosp. v. Mercury Constr. Co., 460 U.S. 1, 24-25, (1983)).

Based on the parties' apparent consent to stay the matter in this Court and proceed with arbitration, and the federal policy favoring arbitration, the undersigned finds that is the appropriate next step in this case.

**IT IS, THEREFORE, ORDERED** that Defendant's motion is **GRANTED** and that the parties shall submit this matter to arbitration as soon as practicable.

**IT IS FURTHER ORDERED** that this federal matter shall be **STAYED** pending arbitration.

**IT IS FURTHER ORDERED** that the parties shall jointly file a status report in this matter within thirty (30) days of the completion of the arbitration.

Signed: September 17, 2007

David C. Keesler
United States Magistrate Judge